## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONI LEE HEBDA and KENNETH BERDINE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 22-1487 |
| SULTAN DONER GYRO, LLC, | ) ) | |
| Defendant, | ) ) | |
| v. | ) ) | |
| ORDERING 999, LLC d/b/a ORDERING 360, | ) ) | |
| Third-Party Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiffs Toni Lee Hebda and Kenneth Burdine ("Plaintiffs"), who are both visually impaired, brought this action against Defendant/Third-Party Plaintiff Sultan Doner Gyro, LLC ("Sultan") on October 21, 2022.  (Docket No. 1).  Plaintiffs' Complaint alleges that Sultan violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, by failing to make its restaurant website accessible to visually impaired individuals.  (*Id.*).  On May 10, 2023, Sultan filed a Third-Party Complaint against Third-Party Defendant Ordering 999, LLC d/b/a Ordering 360 ("Ordering 360"), which allegedly designed and hosted services for the website that is the subject of Plaintiffs' Complaint.  (Docket No. 39).  In its Third-Party Complaint, Sultan alleges claims against Ordering 360 for breach of fiduciary duty/Uniform Partnership Code

1

(Count I) and breach of contract (Count II).   (*Id.*).   Presently before the Court is Ordering 360's Motion to Dismiss Sultan's Third-Party Complaint and brief in support (Docket Nos. 41, 42), Sultan's response and brief in opposition (Docket Nos. 45, 46), and Ordering 360's reply (Docket No. 47).   After careful consideration of the parties' arguments and for the following reasons, Ordering 360's motion will be denied without prejudice.

## I.   <u>BACKGROUND</u>

As set forth, *supra*, Plaintiffs, both of whom have visual impairments, allege in their Complaint that Sultan violated Title III of the ADA by failing to make its restaurant website accessible to individuals like themselves who are blind or who have visual impairments that substantially limit their eyesight.   (Docket No. 1).   In its Third-Party Complaint, Sultan avers that it entered into an agreement with Ordering 360 for design and hosting services for the website that is the subject of Plaintiffs' Complaint.   (Docket No. 39, ¶¶ 17, 20, 22).   Sultan further alleges that Ordering 360 breached its contractual and fiduciary duties to comply with ADA requirements as they relate to Sultan's website accessibility.   (*Id.* ¶¶ 22, 27-29, 35, 36).   Sultan contends that Ordering 360's breach caused Sultan actual damages, consequential damages, and emotional distress damages.   (*Id.* ¶¶ 30, 37).

On July 17, 2023, Ordering 360 filed a Motion to Dismiss Sultan's Third-Party Complaint, citing Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, and arguing that Sultan's claims are subject to an arbitration clause to which Sultan agreed when it engaged Ordering 360's services.   (Docket Nos. 41, 42).   According to Ordering 360's motion and brief, when Sultan registered online for Ordering 360's services, Sultan agreed to the Terms of Use on Ordering 360's website (the "Terms of Use"), and the Terms of Use included a valid arbitration

clause that applies to the claims in Sultan's Third-Party Complaint.   (Docket Nos. 41, ¶¶ 8-13; 42 at 2-3).   More specifically, Ordering 360 explains in its moving materials that at the end of its online registration form, there is an obvious line of text stating, "By Clicking Submit, You Agree to Our Terms of Use," and that the phrase "Terms of Use" is a notable red hyperlink that opens a separate page (containing the Terms of Use) if clicked.   (Docket Nos. 41, ¶¶ 9-10; 42 at 2-3). Ordering 360 states that the "Terms of Use" document is five pages long and includes an arbitration section in all-caps on the first page as well as an arbitration section on the fourth page indicating as follows:

> You agree that, by agreeing to these Terms of Use, the U.S. Federal Arbitration Act governs the interpretation and enforcement of this provision, and that you and [Ordering] 360 are each waiving the right to a trial by jury or to participate in a class action.   This arbitration provision shall survive termination of this Agreement and the termination of your [Ordering] 360 service.

(*Id.*).

In support of its motion, Ordering 360 attaches to its reply brief what appears to be a printout of the Terms of Use that Ordering 360 contends appears on its website, as well as several emails between counsel for the parties discussing the arbitration clause at issue here.   (Docket No. 47 at 5-9, 11-12).   Ordering 360 also includes in its motion and brief what it represents is an image of the "Submit" button and the "Terms of Use" hyperlink as it appears on its website.   (Docket Nos. 41, ¶ 9; 42 at 9).   Notably, however, Ordering 360 does not provide in its moving materials any evidence such as declarations or sworn statements in support of its narrative and argument regarding the Terms of Use.   Nevertheless, based on its argument and the documents attached to its reply brief, Ordering 360 asserts that Sultan is bound by the arbitration clause in the Terms of Use to resolve this matter.

In response to Ordering 360's motion, Sultan disputes the validity of the arbitration agreement brought forth by Ordering 360, and Sultan argues that the parties should not be ordered to arbitrate at this juncture.  (Docket No. 46).  Sultan remarks, first, that Ordering 360 did not include with its moving materials any exhibits illustrating the terms and conditions that are supposedly binding upon Sultan (although the Court notes that Ordering 360 did ultimately provide some documentation, described above, attached to its reply brief).  (*Id.* at 3-4).  Sultan also argues that, even if such documents are attached as an exhibit, they cannot be proven "undisputedly authentic" under the circumstances presented here at this stage of the litigation.  (*Id.* (citing *Pension Ben. Guar. Corp. v. White Consol. Inds., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993))).  Sultan also argues that Ordering 360's website (from which the Terms of Use are accessible) contains a "browsewrap"[1] agreement, which is not automatically enforceable in this Circuit, further demonstrating Sultan's assertion that the validity of the arbitration clause presents a factual dispute.  (*Id.* at 4 (citing *James v. Global TelLink Corp.*, 852 F.3d 262, 267 (3d Cir. 2017); *HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 331 (W.D. Pa. 2020))).  Finally, Sultan asserts that Ordering 360 has failed to produce an affidavit or any authenticating document to support the assertions made in its motion and brief.  (*See id.*).  Sultan remarks that Ordering 360 itself states in its brief that "the Court must 'accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits,'" yet Ordering 360 has provided no such affidavits, and thus fails to meet the legal standard such that the Court

---

[1]    "In browsewrap agreements, a company's terms and conditions are generally posted on a website via hyperlink at the bottom of the screen.   Unlike online agreements where users must click on an acceptance after being presented with terms and conditions (known as 'clickwrap' agreements), browsewrap agreements do not require users to expressly manifest assent."  *James v. Global TelLink Corp.*, 852 F.3d 262, 267 (3d Cir. 2017) (citing *Nocosia v. Amazon.com, Inc.*, 834 F.3d 220, 233 (2d Cir. 2016)).

should deny Ordering 360's motion.[2]   (*Id.* at 5 (citing Docket No. 42 at 5, which quotes *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012))).

As both Ordering 360 and Sultan filed briefs supporting and opposing Ordering 360's motion (Docket Nos. 42, 46, 47), the matter is now ripe for decision.

## II.   DISCUSSION

### A.   Ordering 360's Motion

As explained, *supra*, in its motion to dismiss, Ordering 360 asserts that dismissal of Sultan's Third-Party Complaint is appropriate pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction), 12(b)(3) (improper venue), and 12(b)(6) (failure to state a claim upon which relief can be granted).   Ordering 360 sets forth generally in its brief the various standards of review appropriate under each of these rules, but it does not clearly connect such rules and the corresponding standards of review to its request that the Court dismiss the Third-Party Complaint.   Moreover, upon review of the argument that Ordering 360 makes in both its motion and brief, it is apparent to the Court that Ordering 360's motion to dismiss is more properly construed as a motion to compel the arbitration of Sultan's claims in accordance with the arbitration clause that Ordering 360 asserts covers such claims.

---

[2]   In opposing Ordering 360's motion, Sultan also argues, secondarily, that it would be inappropriate for the Court to dismiss the claims in the Third-Party Complaint because Ordering 360 unduly delayed raising the issue of arbitration in this litigation.   (Docket No. 46 at 5-6).   As the Court will be denying Ordering 360's motion for other reasons, the Court need not address Sultan's second argument.   However, the Court notes that Sultan attempted to bring claims against Ordering 360 on January 4, 2023 (Docket No. 19), but such pleading was inappropriately filed as a crossclaim, was construed by the Court as a Third-Party Complaint, and was stricken from the record for failure to obtain leave of Court to file said complaint pursuant to Federal Rule of Civil Procedure 14 (Docket No. 30). Thereafter, Sultan sought leave from the Court and filed its Third-Party Complaint on May 10, 2023 (Docket No. 39), in response to which Ordering 360 filed the motion that is presently before the Court on July 17, 2023 (Docket No. 41).

More specifically, Ordering 360 argues in its motion and brief that, when Sultan registered online for Ordering 360's services, Sultan agreed on the Ordering 360 website to the Terms of Use – which included a valid arbitration clause, and which was available for review via hyperlink – and that Sultan is bound by that arbitration clause to resolve this matter.   (Docket Nos. 41, 42). Although Ordering 360 ostensibly seeks dismissal of the Third-Party Complaint in its motion, since Ordering 360 is requesting therein that the Court find that Sultan must submit the claims in its Third-Party Complaint to arbitration, Ordering 360 is in fact seeking from the Court an order compelling the arbitration of Sultan's claims.   Therefore, the Court will construe Ordering 360's motion to dismiss the Third-Party Complaint more properly as a motion to compel the arbitration of Sultan's claims in its Third-Party Complaint in accordance with the arbitration clause that Ordering 360 contends covers Sultan's claims.   Accordingly, the Court turns to consideration of the applicable legal standard and concludes, for the following reasons, that limited discovery is warranted in this case to resolve the issue of whether a valid agreement to arbitrate exists between Sultan and Ordering 360.

## B.   Legal Standard

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, "reflects a 'strong federal policy in favor of the resolution of disputes through arbitration.'"   *See Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (quoting *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir. 2003)).   The "presumption in favor of arbitration," however, "'does not apply to the determination of whether there is a valid agreement to arbitrate between the parties.'"   *Id.* (quoting *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)).   Moreover, this policy favoring arbitration "does not lead automatically to the submission of a dispute to arbitration upon

the demand of a party to the dispute." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009).   Rather, "[b]efore compelling a party to arbitrate . . . a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Id.* (citing *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005)).

 "In *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773-76 (3d Cir. 2013), the Third Circuit Court of Appeals clarified the standards to be applied to motions to compel arbitration by identifying the circumstances under which district courts should apply the Rule 12(b)(6) motion to dismiss standard and those under which they should apply the Rule 56 summary judgment standard." *Lang v. Cigna Holding Co.*, Civ. Action No. 20-1270, 2021 WL 1946660, at *2 (W.D. Pa. May 14, 2021).   A Rule 12(b)(6) standard should be used "when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause." *Guidotti*, 716 F.3d at 776 (internal quotation marks and citation omitted).   However, "if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* (internal quotation marks and citation omitted).   After the parties have engaged in limited discovery, a court may then entertain a renewed motion to compel arbitration, and at that time the court should evaluate such motion under the Rule 56 summary judgment standard.   *See id.*

C. **Limited Discovery is Warranted Here to Resolve the Issue of Whether an Enforceable Arbitration Agreement Exists**

In ruling on Ordering 360's motion in this case, it would be inappropriate for the Court to use the Rule 12(b)(6) standard because the motion "does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate." *Guidotti*, 716 F.3d at 774 (internal quotation marks and citation omitted). Here, Sultan's Third-Party Complaint sets forth allegations of breach of fiduciary duty/Uniform Partnership Code and breach of contract, but it is silent as to the existence of an arbitration agreement. While Sultan's claims rely on the existence of a services agreement between it and Ordering 360, Sultan does not rely on any documents that contain the contested arbitration agreement. In fact, Sultan includes in its Third-Party Complaint an email from Ordering 360 stating, "As I mentioned on the phone, there are no contracts with our company," and forwarding a prior email from Ordering 360 that was allegedly sent to Sultan regarding the next steps to be taken as the parties were starting their "partnership." (Docket No. 39, ¶ 17). Therefore, the arbitrability of Sultan's claims is not apparent on the face of the Third-Party Complaint.

Although Sultan did not attach to the Third-Party Complaint the Terms and Conditions that contain the arbitration clause at issue here – and although Ordering 360 likewise did not attach the Terms and Conditions to its motion or brief in support (and instead merely quoted from it) – in responding to Sultan's opposition brief, Ordering 360 did include the Terms and Conditions as an attachment to its reply brief.[3] (Docket No. 47 at 5-9). As it has been presented to the Court,

---

[3]     Ordering 360 states in a footnote in its reply brief, "The Terms of Use of Ordering 360 were inadvertently not uploaded to the Third-Party Defendant's Motion to Dismiss and are attached hereto as Exhibit A for reference." (Docket No. 47 at 1 n.1).

however, the Terms and Conditions appears to be a form document from Ordering 360's website, and it is lacking in personal identifiers referring to Sultan or the parties' agreement specifically. (*See id.*).   Moreover, despite Sultan disputing the validity of the arbitration clause in its opposition brief, and despite the document itself containing no personal identifiers, Ordering 360 has not submitted any evidence such as declarations or other sworn statements attesting to the authenticity of the Terms of Use or the applicability of the Terms of Use to the agreement between Sultan and Ordering 360.

In sum, although Ordering 360 asserts in its motion and brief that the Terms of Use (and the arbitration clause therein) were agreed to by Sultan, upon consideration of the Terms of Use document itself, it does not appear to be specific to the agreement between the parties because it does not, on its face, identify or refer to Sultan or that agreement.   Further, Ordering 360 has not sufficiently supported its assertions with adequate record evidence, nor has Sultan had the opportunity for discovery on the validity of the Terms of Use (including the arbitration clause at issue here), to which it is entitled pursuant to *Guidotti*.   *See* 716 F.3d at 774.

Therefore, despite the evidence of an arbitration agreement offered by Ordering 360, *Guidotti* compels this Court to provide Sultan the opportunity to conduct limited discovery on the narrow issue concerning the validity of the Terms of Use, including the arbitration clause contained therein.   *See id.* ("[A]rbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record."); *Lang v. Cigna Holding Co.*, 2021 WL 1946660, at *2 (citing cases including *Cepikoff v. Stifel Fin. Corp.*, Civ. No. 19-1616, 2020 WL 4938031, at *2 (W.D. Pa. June 18, 2020), *report and recommendation adopted*, 2020 WL 4937499 (W.D. Pa. 2020) (denying a motion to compel arbitration without

prejudice and ordering limited discovery related to the validity of an arbitration agreement, where the plaintiff disputed the existence of such agreement); *Keller v. Pfizer, Inc.*, Civ. No. 1:17-cv-1883, 2018 WL 3756649, at *2 (M.D. Pa. Aug. 8, 2018) (denying a motion to compel arbitration without prejudice and permitting limited discovery where the complaint was silent concerning an agreement to arbitrate); *Briggs v. Macy's Inc.*, Civ. Action No. 3:16-0902, 2017 WL 590274, at *3 (M.D. Pa. Feb. 14, 2017) (denying a motion to compel arbitration and allowing limited discovery where arbitrability was not apparent on the face of the complaint or the documents cited therein, the defendants' arguments were premised entirely on the documents and declarations attached to its motion, and the plaintiffs contested the validity of the arbitration agreement); *Steele v. Citbank, N.A.*, No. 2:15-cv-01618, 2016 WL 946615, at *3-4 (W.D. Pa. Mar. 14, 2016) (denying a motion to compel arbitration without prejudice and ordering limited discovery because the face of the complaint was unclear as to whether the plaintiff agreed to arbitrate)).

After Sultan and Ordering 360 have completed discovery limited to whether a valid and enforceable agreement has been formed between the parties, Ordering 360 will be permitted to renew its motion to compel arbitration, if appropriate, which the Court will evaluate under the Rule 56 summary judgment standard.   *See Guidotti*, 716 F.3d at 776.

### III.   CONCLUSION

For the reasons stated, and given that arbitrability is not apparent on the face of Sultan's Third-Party Complaint and the validity of the arbitration clause in the Terms of Use is in dispute, Ordering 360's Motion to Dismiss Sultan's Third-Party Complaint, which the Court construes as a motion to compel arbitration, will be denied without prejudice.

An appropriate Order follows.

Dated:        March 27, 2024                    _s/ W. Scott Hardy_____
                                                W. Scott Hardy
                                                United States District Judge

cc/ecf:       All counsel of record